IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM N. VALDEZ,

              Plaintiff,

          vs.                              Case No. 06-3103-JTM

DAVID MCKUNE, *et. al.*,

              Respondents.

MEMORANDUM AND ORDER

      The present matter arises on petitioner's motion to alter or amend judgment (Dkt. No. 17) following this court's denial of habeas relief on May 31, 2007 (Dkt. No. 15).   For the following reasons, the court denies petitioner's motion.

      A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir.1996), cert. denied, 520 U.S. 1181 (1997).

Plaintiff does not meet the requirements of Fed. R. Civ. P. 59(e) because he has not demonstrated an intervening change in controlling law; the availability of new evidence not previously available through due diligence; or the need to correct clear error or prevent manifest injustice.  Petitioner argues specifically that the trial court erred as a matter of law in ordering a witness to testify at trial; the prosecutor committed prosecutorial misconduct; and that the information charging petitioner was fatally defective and void.

As noted in the court's denial of petitioner's appeal, petitioner's first claim is without merit because the petitioner lacks standing.  "The privilege against self incrimination is solely for the benefit of the witness and is purely a personal privilege of the witness, not for the protection of other parties."  *U.S. V. Skolek*, 474 F.2d 582, 584 (10th Cir. 1973) (citing *Rogers v. United States*, 340 U.S. 367 (1951)).  "Where the witness is not the party, the party may not claim the privilege nor take advantage of an error of the court in overruling it.  The party, as contrasted to the witness, simply lacks standing."  *Id*.  The right against self-incrimination is personal to the witness, Avalos, not the petitioner.  Petitioner does not meet the requirements of Fed. R. Civ. P. 59(e) with respect to his first claim and therefore, his motion to alter and/or amend judgment is denied on the first claim.

Petitioner also alleges that the prosecutor committed prosecutorial misconduct due to a deal struck with Carlos Valencia.  Specifically, petitioner notes that the prosecutor's closing remarks: "I don't like bringing in witnesses that I have to make deals with but that's part of life," R. XIV, pg. 256, demonstrates that the prosecutor used perjured testimony, evidencing prosecutorial misconduct.  However, petitioner has failed to demonstrate an intervening change in controlling law; the availability of new evidence not previously available through due

2

diligence; or the need to correct clear error or prevent manifest injustice.  The court noted in denying petitioner's appeal that he failed to allege additional supporting information to support that the prosecution encouraged or used perjured testimony and, therefore, did not meet the requirements of *Darden v. Wainwright*, 477 U.S. 168, 180 (1986).  Petitioner, in his motion, has not submitted additional supporting information.  As a result, petitioner's motion to alter and/or amend judgment is denied with respect to his second claim.

Finally, with respect to the allegedly defective information, petitioner has not shown that the requirements of Fed. R. Civ. P. 59(e) are met.  As noted in the denial of petitioner's appeal, the adequacy of a state criminal complaint or indictment presents mainly a question of state rather than federal law.  *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999).  Federal habeas relief may be granted to a state prisoner "only if state court error resulted in the deprivation of fundamental rights guaranteed by the United States Constitution."  *Id*.  "A charging document may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusation filed against him."  *Id*.   Although petitioner claims that the information charging conspiracy to commit first degree murder was fatally defective for failure of the information to allege an overt act, the Kansas Court of Appeals found that petitioner failed to demonstrate prejudice that would necessitate a reversal based on a defective complaint.  *Valdez v. State*, No. 88,728, slip op. at 17 (Kan. Ct. App. July 3, 2003) (unpublished opinion).  This decision was reasonable and was neither contrary to nor an unreasonable application of, United States Supreme Court precedent.  For these reasons, the court denies petitioner's motion.

3

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that petitioner's motion

(Dkt. No. 17) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE